IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL TODD                                                                                          PLAINTIFF

       v.                          Civil No. 4:13-cv-04044

HEATH ROSS; SIMONE AIMS;
OFFICER JOHNSON; SERGEANT ZUMWALT;
and CAPTAIN GODBOLT                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Michael Todd, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Hempstead County Detention Center ("HCDC") in Hope, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.   BACKGROUND**

Plaintiff filed his Complaint on April 24, 2013.  ECF No. 1.  Upon review of the Complaint, the Court determined it would benefit from additional information and sent Plaintiff a questionnaire to complete and file as an Addendum to his Complaint.  ECF No. 6.  Plaintiff filed

his Addendum on May 24, 2013. ECF No. 7. The Court relies on both Plaintiff's Complaint and Addendum in this Report and Recommendation.

Plaintiff alleges he was locked down in his cell and the water turned off on April 11, 2013 at approximately 8:30 a.m. ECF No. 1, p. 5. The water was turned back on at approximately 2:25 p.m. on April 12, 2013. ECF No. 7, p. 1. During this time, Plaintiff was forced to eat two meals in his cell with feces in the toilet due to the lack of water for flushing. ECF No. 1, p. 5. Additionally, Plaintiff had no water to wash his hands prior to eating. ECF No. 1, p. 5.

In his Addendum, Plaintiff explains how he believes each Defendant violated his constitutional rights. Plaintiff claims: (1) Heath Ross ordered Sgt. Zumwalt to lock Plaintiff down and turn off his water (ECF No. 7, p. 1); (2) Simone Aimes witnessed Ross and Zumwalt's actions and failed to allow Plaintiff to seek redress through the HCDC's chain of command or complaint system (ECF No. 7, p. 2); (3) Ms. Johnson refused to speak with Plaintiff about his complaints during the time he was locked in his cell without water (ECF No. 7, p. 2); (4) Sgt. Zumwalt locked him down without due process (ECF No. 7, p. 2); and (5) Johnny Godbolt was aware of the "entire event" but never addressed it until Plaintiff filled out a section 1983 form (ECF No. 7, p. 2). Plaintiff does not claim in his Complaint or Addendum that he was denied drinking water.

Plaintiff also clarifies in his Addendum that he is asserting individual and official capacity claims against all Defendants. When asked by the Court to explain the unconstitutional policy of Hempstead County that violated his rights, Plaintiff responded: "Upon being Booked - In this facility Plaintiff Todd have not Been provided with pretrial detainee Rules, Regulations and/or Polices and Procedures as a guiding principle." ECF No. 7, pp. 4-5 (errors in original). When

2

asked to explain any unconstitutional custom of Hempstead County that violated his rights, Plaintiff responded: "During the Course of Plaintiff Todds incarceration of this facility all the people in authority has only used 'word of Mouth' to apply any and all unwritten rules and policies, which to Plaintiff suffered unconstitutionally without due process." ECF No. 7, p. 5 (errors in original).

Lastly, Plaintiff claims the HCDC has no grievance system in place.

## II.   DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff makes three claims in his Complaint and Addendum: (1) he was locked down in his cell without water for approximately thirty (30) hours ("conditions of confinement claim"; (2) he was locked down without due process ("due process claim"); and (3) the HCDC has no grievance system ("grievance claim").  The Court finds Plaintiff failed to state a conditions of confinement or grievance claim.  Plaintiff's due process claim, however, should proceed.

3

      a.      Conditions of confinement

The Court construes Plaintiff's claim regarding no water in his cell as a conditions of confinement claim. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Plaintiff refers to himself as a pretrial detainee in his Addendum. ECF No. 7, p. 2. Therefore, the Court will presume for purpose of this Report and Recommendation that Plaintiff was a pretrial detainee on April 11, 2013. The Eighth Circuit applies the same deliberate indifference standard to pretrial detainees as applied to convicted inmates. *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to claims, brought by pretrial detainees and convicted inmates, that prison officials failed to provide adequate food, clothing, shelter, etc.). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's

necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

The length of time Plaintiff was subjected to the harsh conditions is a critical factor in analyzing whether his constitutional rights were violated. *See Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996). "Conditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months.'" *Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir. 1989) (quoting *Hutto v. Finney,* 437 U.S. 678, 687 (1978)). Here, the approximate thirty hours Plaintiff spent in his cell without running water does not rise to the level of a constitutional violation by depriving Plaintiff of the minimal civilized measure of life's necessities. *See e.g., Smith,* 87 F.3d at 268 (no constitutional violation when an inmate spent four days in a cell with an overflowing toilet smelling the stench of his own feces and urine); *Williams v. Delo,* 49 F.3d 442, 445 (8th Cir. 1995) (four days in a strip cell with no clothes and the water to the toilet and sink shut off did not deny the inmate the minimal civilized measure of life's necessities). The conditions Plaintiff alleges here do not rise to the level required to violate the Eighth Amendment, therefore, he fails to state a claim upon which relief may be granted.

  b. <u>Grievance claim</u>

Plaintiff claims that the HCDC does not have a system to file and receive responses to

grievances. ECF No. 7, p. 6. Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). A jails failure to process an inmate's grievances, without more, is not actionable under Section 1983. *Buckley,* 997 F.2d at 495. Therefore, Plaintiff has failed to state a claim upon which relief may be granted regarding the lack of grievance procedures at the HCDC.

    c.    <u>Official capacity claims</u>

Plaintiff states in his Addendum that he is suing Defendants in both their official and individual capacities. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). Plaintiff's explanations in his Addendum fail to state any policy or custom of Hempstead County that caused his constitutional rights to be violated. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County*

*Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). There are no allegations in Plaintiff's Complaint or Addendum to support an official capacity claim against Defendants. Further, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, Hempstead County cannot be held liable based merely on the fact it employs Defendants. Therefore, Plaintiff has failed to state an official capacity claim against all of the Defendants.

    d.    <u>Aimes and Johnson</u>

Plaintiff's only claims relating to Defendants Aimes and Johnson are that they knew Plaintiff was locked down with his water shut off but they refused to take his complaints and/or grievances on the mater. Plaintiff does not allege that Aimes or Johnson played any role in locking him down. As the Court has recommended that Plaintiff's condition of confinement claim and grievance claim fail to state a claims upon which relief may be granted, Plaintiff has failed to state a claim against either Aimes or Johnson, and Aimes and Johnson should be dismissed from this action.

### III.    CONCLUSION

Accordingly, I recommend Plaintiff's conditions of confinement claim, grievance claim, and all official capacity claims be **DISMISSED;** and Simon Aimes and Ms. Johnson be **DISMISSED** from this case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). This leaves Plaintiff's due process claims against Heath Ross, Sgt. Zumwalt, and Captian Godbolt in their individual capacities only for later resolution. The issue of service will be addressed by separate order.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 13th day of June 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE