IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL TODD                                                                                              PLAINTIFF

v.                                             Civil No. 4:13-CV-04044

DETECTIVE HEATH ROSS,
SERGEANT ZUMWALT,
and CAPTAIN GODBOLT                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Michael Todd proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is currently incarcerated at the Arkansas Department of Corrections, Varner Unit in Grady, Arkansas. Plaintiff was previously incarcerated at the Hempstead County Detention Center, where the events surrounding this lawsuit occurred. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is a Motion for Judgment on the Pleadings filed by Defendants Ross, Zumwalt, and Godbolt. ECF No. 19. Plaintiff responded to this Motion on October 1, 2013. ECF No. 21. This Motion is now ripe for consideration. Upon review, and based upon the following analysis, the Court recommends this Motion for Judgment on the Pleadings (ECF No. 19) be **GRANTED.**

**1.     Background:**

In a prior report and recommendation, the Court previously addressed the facts underlying

1

this action. *See* ECF No. 8. The Court will briefly restate those facts here. Plaintiff filed his Complaint on April 24, 2013. ECF No. 1. Upon review of the Complaint, the Court determined it would benefit from additional information and sent Plaintiff a questionnaire to complete and file as an Addendum to his Complaint. ECF No. 6. Plaintiff filed his Addendum on May 24, 2013. ECF No. 7. The Court relies on both Plaintiff's Complaint and Addendum in this report and recommendation.

Plaintiff alleges he was locked down in his cell and the water turned off on April 11, 2013 at approximately 8:30 a.m. ECF No. 1, p. 5. The water was turned back on at approximately 2:25 p.m. on April 12, 2013. ECF No. 7, p. 1. During this time, Plaintiff was forced to eat two meals in his cell with feces in the toilet due to the lack of water for flushing. ECF No. 1, p. 5. Additionally, Plaintiff had no water to wash his hands prior to eating. ECF No. 1, p. 5.

In his Addendum, Plaintiff explains how he believes each Defendant violated his constitutional rights. Plaintiff claims: (1) Defendant Ross ordered Defendant Zumwalt to lock Plaintiff down and turn off his water (ECF No. 7, p. 1); (2) Defendant Aimes witnessed Defendant Ross's and Defendant Zumwalt's actions and failed to allow Plaintiff to seek redress through the HCDC's chain of command or complaint system (ECF No. 7, p. 2); (3) Defendant Johnson refused to speak with Plaintiff about his complaints during the time he was locked in his cell without water (ECF No. 7, p. 2); (4) Defendant Zumwalt locked him down without due process (ECF No. 7, p. 2); and (5) Defendant Godbolt was aware of the "entire event" but never addressed it until Plaintiff filled out a section 1983 form (ECF No. 7, p. 2). Plaintiff does not claim in his Complaint or Addendum that he was denied drinking water.

Plaintiff raised three claims in his Complaint and Addendum: (1) conditions of confinement

claim; (2) due process claim; and (3) grievance claim. Previously, Plaintiff's claims against Defendants Aimes and Johnson were dismissed. Further, his conditions of confinement claim and grievance claim were dismissed, and only the due process claim against Defendants Ross, Zumwalt, and Godbolt in their individual capacities remains. *See* ECF Nos. 8, 13. Thus, only this claim will be addressed with the current report and recommendation.

**2.     Applicable Law:**

A motion for judgment on the pleadings is authorized by Federal Rule of Civil Procedure 12(c). According to this rule, "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Such a motion is governed by the same standards as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012) ("We review de novo a district court's grant of a motion for judgment on the pleadings, using the same standard as when we review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)"). Accordingly, the standards for a motion to dismiss under Rule 12(b)(6) will be applied with the current Motion.

When analyzing a 12(b)(6) claim, the factual allegations included in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *See Hanten v. School Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999). "The complaint should be dismissed 'only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.'" *St. Croix Waterway Assoc. v. Meyer,* 178 F.3d 515, 519 (8th Cir. 1999) (internal citation omitted). A complaint should not be dismissed "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate entitlement to relief." *Gordon v. Hansen,* 168 F.3d 1109, 1113 (8th Cir. 1999). "At the very least, however, the

complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.,* 172 F.3d 623, 627 (8th Cir. 1999).

**3.    Discussion:**

As noted above, Plaintiff's remaining claim in this case is that his due process rights were violated during the approximately thirty-hour (30) time period on April 11-12, 2013 when he was placed on lockdown in is cell. ECF No. 1.

As an inmate, Plaintiff enjoys certain due process protections, but those protections are limited. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995). As the United States Supreme Court stated in *Sandin,* the only protected "liberty interests" a prisoner has are those that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Interpreting *Sandin,* the U.S. Court of Appeals for the Eighth Circuit found the meaning of an "atypical and significant hardship" to be very limited. *See, e.g., Freitas v. Ault,* 109 F.3d 1335, 1337 (8th Cir. 1997). For instance, in *Freitas,* the Eighth Circuit found a prisoner being placed on *ten days* of "lock-up" with only approximately one hour out of his cell a day was, "as a matter of law," not an "atypical and significant hardship." *See Freitas,* 109 F.3d at 1337.

Upon review, the Court finds *Freitas* and *Sandin* are controlling.[1] As a matter of law, Plaintiff's very brief–less than 30 hour–"lock down" did not pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Notably, although he claims he was forced to eat his food twice by an unflushed toilet and was unable to wash his hands

---

[1] In their briefing, Defendants Ross, Zumwalt, and Godbolt encourage the Court to adopt the standard from *Marion v. Columbia Correctional Institution,* 559 F.3d 693 (7th Cir. 2009) in resolving this matter. *See* ECF No. 20. However, since issues similar to those in the current Motion have already been addressed in the Eighth Circuit, there is no need to adopt the standards from the Seventh Circuit.

prior to eating during this time period, he does not allege he was denied access to food or water. Further, based upon *Freitas* and *Sandin*, these relatively minor inconveniences simply do not rise to the level of an "atypical and significant hardship." Accordingly, the Court finds Plaintiff was not deprived of any protected liberty interest. Because he was not deprived of a protected liberty interest, he was not entitled to due process protection prior to being subjected to this 30 hour "lock down." *See Olim v. Wakinekoma,* 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement").

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Defendants' Motion for Judgment on the Pleadings (ECF No. 19) be **GRANTED**, and Plaintiff's due process claim against Defendants Ross, Zumwalt, and Godbolt be dismissed. Because this disposes of Plaintiff's entire case, this action should also be dismissed with prejudice. *See* FED. R. CIV. P. 41(b) (such an involuntary dismissal operates "as an adjudication on the merits").

**The Parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 5th day of August 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

5